All right, our third case is number 19-10562 Nikki McIntosh et al. v. Royal Caribbean Cruises. Ms. Gramis, Mr. Gramis. Good morning, your honors. May it please the court, my name is Daniel Gramis and I am here on behalf of the appellants. I will be addressing multiple issues wherein the appellants respectfully ask this court to reverse the trial court's numerous decisions that were erroneous. Before I explain why this court should reverse, I'll provide a brief summary of the case. The appellee, Royal Caribbean, knew a major hurricane was going to hit the Galveston area in the days leading up to the scheduled cruise. The passengers wanted to cancel and get a refund, but Royal wouldn't allow it. And Royal misled prospective passengers to travel to the Galveston area where the prospective passengers, including children and the elderly, were subject to catastrophic flooding, Category 4 winds, injuries, potential loss of life, all in a foreign area thousands of miles away from their home as they had to wade through flooding waters with downed power lines in order to search for food and water to stay alive. These prospective passengers spent thousands of dollars to go on a vacation with Royal and Royal subjected them to a traumatic experience. Ms. McIntosh filed the original complaint as a class action on behalf of herself and all other similar situated prospective passengers alleging three causes of action, for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. In response to the defendant's motion to dismiss the last complaint that you filed, what were the parties' position on the existence, if any, of admiralty jurisdiction? Well, admiralty jurisdiction wasn't an issue at motion dismissed. The motion dismissed was for failure to state a claim. The district court, sua sponte, dismissed the plaintiff's claims for lack of subject matter jurisdiction, specifically finding that the amount of controversy was plaintiff's an opportunity to prove that their claims met the amount of controversy requirement for diversity jurisdiction, which the district court was required to do, pursuant to the 11th Circuit Court case in Morrison v. Allstate Indemnity. That decision of finding that the amount of controversy was lacking was also contingent on the district court applying the wrong rule, the impact rule, to plaintiff's negligent infliction of emotional distress claims when the court should have applied the zone of danger test. Had they applied the zone of danger test, they would have certainly found that the amount of controversy was sufficient. On to that point, in analyzing the amount of controversy, the district court applied the wrong test. It didn't properly apply the Supreme Court rule in St. Paul-Mercury, where the amount of controversy is not made in good faith only if the district court is legally certain that the plaintiff absolutely cannot exceed the amount of controversy. Nowhere in the district court's order does it analyze this Supreme Court precedent rule for analyzing the amount of controversy. The appellee does not contest this argument, and cannot. This is a case, Your Honor, I reiterate that these plaintiffs were misled into a major hurricane zone and trapped there for days to weeks. This is a very traumatic event, and a lot of them had very significant damages and trauma related to it. So when the St. Paul-Mercury test is followed, the lower court will find the amount of controversy is made in good faith, because there's simply no way... Excuse me, counsel, this is Jill Pryor. But nowhere in the complaint do you say, do you give an amount of damages, nor do you indicate what any individual plaintiff suffered. Isn't that right? Well, Your Honor, we did plead that the amount of controversy exceeds $75,000. We did plead that. And again, I reiterate that the So we never had an opportunity to present any evidence of such, and there's due process concerns in doing so. This is the first time we've had an opportunity to be heard on this issue is on appeal. So we should have had this opportunity to present evidence and get to the merits. Did you plead that damages... I'm sorry, go ahead, Judge Pryor. No, go ahead, Judge Jordan. Go ahead. Did you plead generally that each plaintiff had suffered damages of over $75,000? Yes, Your Honor. Okay. Go ahead, Judge Pryor. I was going to ask, is there some pleading threshold that you have to meet to get to the point where you're allowed to put on evidence? Well, Your Honor, I would say that the complaint was adequately pled and the judge never determined whether or not it failed to state a claim. In fact, the judge in ruling said that it just lacked jurisdiction. If the court finds there's no jurisdiction, then it ends there. In fact, the magistrate, Judge Simonton, found we did sufficiently plead the claims and at the very least, the plaintiff should be granted leave to amend the complaint. We're asking the same here. The court remanded the case with leave to amend and we're going to follow the Heinen decision that the 11th Circuit recently issued and we're going to put separate paragraphs for each plaintiff about everything they want to see from them, how they were harmed, when they were harmed, how much money they lost, everything. From a practical standpoint, what the district court judges have required is too much. This is a notice pleading jurisdiction. We give notice to the other side and we get the discovery and fill in the blanks. But if the court wants detail, then we'll do it. We'll amend the complaint. We'll provide all these details and comport with Heinen and everything the court wants. We were just simply not given an opportunity in the judge dismissing for sua sponte lack of subject matter jurisdiction. There's multiple reasons. As I mentioned before, never a fine. Let me ask you a question, please. If we agree with you that the district court erred in finding a lack of subject matter jurisdiction, do we need to address any other issues or do we just send it back? Judge, I do think that there's other issues that need to be addressed because they're contingent on this subject matter jurisdiction issue. Again, the impact rule was applied in error to plaintiff's negligent infliction of emotional distress when the zone of danger test should have been applied under maritime law. In applying the zone of danger test, that will assist the lower court in determining the sufficiency of the amount in controversy. Also, I will note that the existence of subject matter jurisdiction is contingent of whether or not the class action waiver is found to be applicable, which we maintain it's not. If the class action waiver is not applicable, the appellant can proceed under 28 USC section 1332 D2 related to the class action fairness act, which allows for aggregation of the party's damages and minimal adversity. To talk on the point of the class action waiver, it just simply does not apply to this case. If you read the ticket contract and you know the facts, the plaintiff's never traveled on the cruise. They never embarked on the cruise, much less never went to the pier to check in. Thus, the contract was not executed and is lacking mutual set. Reading the class action waiver- Wait, wait, wait. Hold on. Hold on one second. Sure. Assume there had been no hurricane and assume that when everybody showed up to the port, Royal Caribbean told everybody, sorry, there isn't going to be a cruise and we're not refunding any money. Would you have been able to file a class action for recovery of the amounts paid for the style? It could perhaps be a breach of contract action, but that's not really the facts of the matter here. I mean- I know it's not. I know it's not. It's a different case that I'm asking you about, but I want to find out whether or not the class action waiver would have applied to that breach of contract case for simply canceling the cruise. I believe that the class action waiver would not apply. Reading the- Why not? Well, reading the class action waiver, it says, quote, passenger may bring claims against carrier only in passenger's individual capacity. Because this sentence alone does not explain what claims will be subject to the class action waiver, we must turn to the definition portions of the contract. Passenger means all persons traveling under this ticket contract. The plaintiffs had not begun traveling on the cruise. They never embarked on the vessel. The same definition of passenger with the same appellee was analyzed by the First Circuit Court of Appeals and Rams versus Royal Caribbean Cruise Lines in a very similar factual posture. And the court held there that the provision in the passenger ticket contract did not apply to an injury suffered by a passenger while ashore on hotel property owned by the same entity, Royal, as the owner, operator of the cruise, where the contract's definition of passenger as one traveling under this ticket, quote, unquote, smelled of the sea and rendered the contract at the very least ambiguous so that it would be construed against the carrier, Royal Caribbean. Importantly- But counsel, counsel, the ticket contract also says that passengers will have a right to a full include customers before embarkation on the cruise, doesn't it? The problem with that, Judge- I think that's the hypothetical that Judge Jordan was pointing you to. And I understand. The problem is that the days leading up to the cruise, Royal was misleading these passengers into believing that the cruise would still go on and that no refund would be allowed. A lot of these passengers live thousands of miles away. They can't just travel on the date of the subject cruise that it's scheduled to leave. In fact- Counsel, two minutes. Two minutes, counsel. The question I'm asking you is about contract interpretation. It seems to me that the ticket contract contemplates that people are passengers even if the cruise is canceled, so before they're actually traveling on the cruise. It seems to me that contradicts your explanation of what this provision means, or what the definition of passenger means. Why am I- Well, you have to take in- Well, if you look in the context of the class action waiver itself, it says passenger may bring claims against carrier only in passenger's individual capacity. Again, if you go to the definition of passenger, it says all persons traveling under this ticket contract. They weren't traveling on the cruise yet. The refund provision is a separate provision entirely. This is subject to what has to do with the class action waiver, whether it's applicable or not. If we look to the case law on it, there's case law that supports that this is a unilateral contract and it hinges on the performance of one of the parties in condition to making the contract enforceable and executing it. In F. John International Cruise Holdings versus A&L Sales, the Fifth Circuit held that an executory contract, of course, is one that is yet to be fully performed. For example, when passengers pay in advance for a cruise, the ticket issued them in exchange are wholly executory until the passengers board the ship and embark. But I do concede that the refund provision would apply to the passengers. And if there's no further questions, I will save the remainder of my time for rebuttal. All right. Thank you very much. Mr. Borer. Yes. This is Sandy Borer. I represent the Appalee Royal Caribbean Cruises Limited. Initially, I'd like to just say what this lawsuit is. It's not a lawsuit by a number of people. Ms. McIntosh was given leave to amend her complaint to fix certain deficiencies in two prior complaints. She never asked for or was given leave to add 131 additional plaintiffs, but she did. This is a lawsuit by a woman with no discernible physical injury who claims but doesn't actually describe a host of physical, emotional, economic injuries, none of which are recoverable as a matter of law, and asks for compensation in addition to the complete refund that she did get of her cruise ticket because of the cancellation. I keep hearing the word misled. There's no fraud claim. And I think it's clear even from their complaint that Royal Caribbean simply went back and forth on whether they thought they could get that ship out into the Gulf away from the hurricane. The fact is true, as counsel said, the jurisdiction issue did not come up until Judge King brought it up. It wasn't brought up by us in any of our motion to dismiss, and he just decided that there wasn't a jurisdiction. Now, he focused on diversity jurisdiction. Our reading of Heinen, although it's just one line, is that the court in Heinen said there's admiralty jurisdiction. This case is exactly the same as Heinen. The lawyers chose to file two lawsuits instead of one. The district court chose not to consolidate the cases, and so they traveled separately. However, there's one very, very common thing, and counsel is talking about what they have a right to prove things. In Heinen, the court made a special emphasis on the fact that the only support for the appellant's allegations of harm comes in a combined paragraph listing what seems to be every possible injury imaginable. The court will recall that's exactly what Judge Moreno said to them, and they said, no, we'll fill it in just like you heard today at oral argument. We'll fill it in with all the details of the damage to each person separately, and they never did. It got dismissed, and that's why it got affirmed. Well, we have the exact same situation here. Paragraph 119 of the second amended complaint, that is the third complaint in this case, has the exact same kitchen sink allegation, everyone suffered every injury. They've had now, if you look at it in that way, six times these lawyers have had the chance to allege individual injuries for individual people, and they never have. I think they've their chance to do that. This is really the same case as Heinen, and it deserves the same result, but... Well, let me... Mr. Boer, let me interrupt you for a second. Sure. So, the district court said that there was no federal subject matter jurisdiction, no federal question jurisdiction. So, that's incorrect, right? I think at this point, I think he was talking diversity. But our view is that after Heinen, there's admiralty jurisdiction, and therefore, he was wrong when he said there was no jurisdiction. He didn't discuss admiralty jurisdiction. As to diversity, I think he's correct. I think they had ample opportunity to make palpable, legitimate allegations of, excuse me a second, of amount in controversy, and they didn't do it. And in the same problem they had in Heinen, they actually don't allege any real injury that is collectible, is recoverable under the law that could amount to, for Ms. McIntosh, the only legitimate plaintiff in front of Judge King at the end to $75,000. But the only rationale the district court gave on the amount in controversy issue was that the plaintiffs couldn't aggregate. But that's an incorrect analysis, right? Because what the district court should have done was determine whether or not as pled, for example, Ms. McIntosh had legitimately pled or plausibly pled $75,000 in damages, not whether or not she could have aggregated with everybody else. It just seems to me the district court's analysis is just maybe at the end of the day, it's harmless error, but it just seems to me that the district court's flawed in so many ways. I speak only for myself and not for my colleagues. Judge, I believe that the analysis should have been restricted to Ms. McIntosh's claim, and I think that's how we explained it in our brief. Again, we didn't move to dismiss on that. I kind of think it's a moot point because the panel in Heinen, I know you're on that panel, said there's admiralty jurisdiction. So our kind of view is that if there is and there was, if there is, there was admiralty jurisdiction, then Judge King had jurisdiction when he ruled that the class action waiver was enforceable. And he had jurisdiction when he said the intentional infliction of emotional distress claim should be dismissed. However, he never addressed two of the things we did move to dismiss, which were the negligent infliction of emotional distress claim and the negligence, pure negligence claim. So at the end of the day, what I, just my view is, I think the case has to go back to Judge King, unless this court were to, and I'm not sure the Heinen and realize it's the exact same thing and there's no purpose in sending it back. Barring that, it would go back. Judge King could look at the diversity jurisdiction issue again, if he so chose, but you would be telling him there's admiralty jurisdiction. If there's jurisdiction, there's jurisdiction. And if it's by rule of an appellate court, there you have it. Then if he had jurisdiction, then we would go to, which is obviously briefed by the parties, the class action waiver, which I think was properly enforced. If it's okay, I'd like to, before I run myself out of time, I'd like to address that. As to the contract, the parties had a contract. There is no unilateral contract or whatever it was they wanted to argue. Early in the case, it was established that Ms. McIntosh checked in and accepted the terms of that. She accepted all the terms of the contract. The definition of passenger, as the court has pointed out, is much broader than what they have. They quoted out of context for whatever purpose. They have these arguments. One is it's ineffective until she boarded. There's no authority for that. They cite two cases, Palmer and Angel. Both of those involved tickets purchased by someone else relating to an incident on the ship. Ms. McIntosh bought the ticket. She checked in. She accepted the terms. She paid for it. As Judge Jordan pointed out, she had shown up at the dock and it's a nice sunny day and no weather problem, anything. Royal Caribbean said, we decided we're not doing this cruise and we're not giving you a refund. It's been nice knowing you. She, of course, would have had a claim. And if they did it to everyone, she probably would have had a class action claim, assuming she could meet the standards for such claims. And there weren't a class action waiver. But the contract says it governs the entire relationship, and that includes payments and refunds. It talks about passenger definition, talks about when someone's on board or on land. Their whole basis for the suit, although it's not a contract claim, they had to come to Houston because Royal Caribbean wouldn't give them a refund 14 days in advance under the contract. So they had to come to Houston and be ready to board if they were forced to because they couldn't get a refund under the contract. They have two other reasons. Section 30509, the United States Code, is a statute that relates to limitations on liability. A class action waiver doesn't do that, and it's never been held to do that. Form selection clauses have been attacked under this, too, and they've never been held to be invalid because although they make it difficult for a plaintiff to prove their claim, if you live in Michigan and you have to come to Florida, still the form selection clauses have been found not to violate 30509. The concern underlying this, and we have it in our brief, is not the denial of a remedy. It is the denial of a remedy, and that's not denied here. Our brief has that. Then the third ground was unconscionability, and our view is under federal law, and it's federal law that applies, that if it's a reasonable communication, a reasonable communicativeness test, see bottom page 30 in our brief, then that's the end of it. That contract is enforceable. Assume it isn't enforceable, and assume again Florida law applies and it doesn't, you have to have both procedural and substantive unconscionability, and there's just no authority for that, and they don't have any authority for that. You can see from the quote on page 33 of our brief in that regard. A couple other quick points. The point about the zone of protection, you have to have an objective physical manifestation of emotional distress, and that gets back to what's wrong with this entire lawsuit, and what's wrong really with sending it back for a useless purpose. These lawyers have had six times now between two judges to say plaintiff A, what injury did he or she suffer specifically? Judge Moreno in Heinen made light of this, and he does tease about this, so someone had a physical injury, did they fall off the balcony at the Holiday Inn while they were waiting to board the ship? He was making a joke, but he got an absolute assurance that they would fill it all in. They didn't, and as a result, the Heinen dismissal was affirmed. We have here, now they're promising after three complaints, and I think three is enough in this case, that they'll abandon this one size fits all, and every plaintiff suffered every piece of to put this to rest. However, I can understand the other way looking at it. If you look at it the other way, there was admiralty jurisdiction. Judge King could be questioned for how he approached the diversity jurisdiction issue, although I don't think it matters if there's admiralty jurisdiction. There are two remaining counts that were not discussed by Judge King, both of them negligence related, and although under Heinen, they're clearly going to be you could look at it and say, well, they have their due process, and maybe they can convince Judge King that they're entitled to have 131 additional plaintiffs, and they have a specific damage claim for each of the 131 that is recognized. We just don't see it that way, but that is one way of looking at it. We think this court should look at it as a practical matter and say, under Heinen, there was maritime jurisdiction, and under Heinen, they just don't have any claims, and there's no purpose in sending it back for a feudal exercise by Judge King, and then a second appeal where this court just affirms and cites Heinen. If there are no other questions, I don't have anything to add. All right. Thank you very much, Mr. Boer. Thank you. Mr. Granitz, you've got a couple of minutes for rebuttal. Thank you, Your Honor. I'd like to point out that the appellee has distorted the procedural posture of these cases, saying that we had six times to amend the complaint and fix the damages. That's just simply not true. Specifically with the McIntosh matter, the district court dismissed the first time for the intentional infliction of emotional distress claim with prejudice. Then it was dismissed, the class action allegations were dismissed, solely the class action allegations, no other issue was addressed. And then the third was the sua sponte dismissal for jurisdiction. The Heinen dismissals came subsequent to all of that. So it's just simply not true that we had this many times to amend the complaint. Notwithstanding that, the magistrate, Judge Simonson, did find that our complaint was the judge dismissed for sua sponte. And an appellee has also said that jurisdiction is a moot point. That's just not true here. It certainly is not a moot point. It's not harmless error. These people were deprived of their day in court, and it would be improper to overlook whether diversity jurisdiction is lacking just because the court finds there's that multi-jurisdiction. Because doing so would take away the plaintiff's constitutional right to a jury trial when proceeding under diversity jurisdiction, which they're not entitled to jury trials under ad multi-jurisdiction. Also, appellee mentioned as far as the zone of danger that the plaintiffs did not allege physical manifestations. That's not true. Physical manifestations were alleged in the complaint, paragraphs 122 and 124, ranging from insomnia, anxiety, depression, nightmares, and et cetera. So to that point, I'd like to also turn to the class action waiver issue. Again, appellee has not addressed the passenger definition and the First Circuit Court of Appeals interpretation of the same in Rams v. Royal Caribbean. It mentions the forum selection clause to be applicable, but to that issue, the language of the forum selection clause is more inclusive and broad. The class action waiver was not broad and inclusive as it was drafted by Royal. Royal could have easily drafted the clause to be more inclusive and broad, but chose not to. And again, any ambiguity should be resolved against the drafter here, Royal Caribbean. If there are no further questions, I will conclude. Thank you, Your Honor. All right. Thank you very much, Mr. Gramis.